UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|  |  |
|---|---|
| ADAM LAKE,<br>    Plaintiff,<br><br>  v.<br><br>WAYNE SALISBURY,[1]<br>    Defendant. | No. 1:20-cv-00149-MSM-LDA |

ORDER

Mary S. McElroy, United States District Judge.

  Adam Lake is an inmate at the Adult Correctional Institutions, in the custody of the Rhode Island Department of Corrections. He was charged and convicted pursuant to R.I.G.L. 1956 § 11-37-8.1 of two counts of first-degree child molestation, dating back to August 2008, and sentenced to concurrent terms of forty (40) years' imprisonment, of which twenty-five (25) years is to be served with fifteen (15) years suspended, and probation. His appeal to the Rhode Island Supreme Court was denied. *State v. Lake*, 90 A.3d 186 (R.I. 2014).[2] The action before the Court is a

---

[1] A petition brought under 28 U.S.C. § 2254 must name as the defendant the person having custody of the petitioner. This case was originally entitled Lake v. Coyne-Fague, but in keeping with Fed. R. Civ. P. 25, Interim Director of the Rhode Island Department of Corrections ("DOC") Wayne Salisbury is automatically substituted for the former DOC Director as the defendant.

[2] The travel of the state court proceedings are undisputed by the parties, and is a matter of public record. The Court can take judicial notice of proceedings in other courts. *Kowalski v. Gagne,* 914 F.2d 299, 305 (1st Cir. 1990) (court may take judicial notice of relevant proceedings in other courts).

1

petition for writ of habeas corpus brought by a state prisoner pursuant to 28 U.S.C. § 2254.

## I. PROCEDURAL BACKGROUND

In 2014, Mr. Lake pursued an application for post-conviction relief ("PCR") in the Rhode Island state courts that raised none of the grounds he presses in this petition.[3] His second application, filed in 2019, R.I. Super. Ct. docket PM-2019-1034, challenged the constitutionality of R.I.G.L. 1956 § 11-37-8.1 for allegedly failing to define the child molestation crime and failing to include a penalty. The penalty for violating § 11-37-8.1 is proscribed in a separate statute, R.I.G.L. 1956 § 11-37-8.2, mandating imprisonment for twenty-five (25) years to life. His third application, filed in 2020, R.I. Super. Ct. docket PM-2020-07893, raised (a) the failure of the state to provide him with a victim impact statement;[4] (b) the alleged unconstitutionality of § 11-37-8.1 for failing to refer to community supervision; and (c) the involuntariness of his decision to stand trial because he was not informed of the penalty of community supervision.

On March 26, 2020, Mr. Lake filed the instant petition for writ of habeas corpus. In addition to raising his challenge to the omission of the penalty from § 11-

---

[3] Mr. Lake's first application for post-conviction relief asserted ineffective assistance of counsel based on alleged actions by counsel that are not relevant here. *See* R.I Super. Ct. docket PM-2014-5779.

[4] Mr. Lake does not press this challenge in this Court. He would be hard-pressed to do so, as the PCR hearing judge found as fact that he had not met the burden of showing that a victim impact statement existed. (ECF No. 17, at 9) (internal pagination).

37-8.1, he put forth a new claim for relief, arguing that he received ineffective assistance of counsel because he was not advised – when making the decision to stand trial rather than enter into a plea bargain – that he would be subject to community supervision as a sex offender if convicted

The Court stayed these proceedings on October 2, 2020, to give Mr. Lake a chance to exhaust the new claim. He later pursued the third PCR in state court. That application was denied on April 26, 2022, and Mr. Lake's petition for review on certiorari in the Rhode Island Supreme Court was thereafter denied.

## II. CLAIMS

Mr. Lake raises two claims in his federal petition: (1) that R.I.G.L. § 11-37-8.1 is unconstitutional because it failed to give him fair warning that he would be penalized by community supervision as a direct consequence of a conviction; and (2) that his trial counsel rendered ineffective assistance by not advising him, at the point when he made the decision to forgo a plea agreement and stand trial, that he would be penalized by community supervision if convicted.

## III. ANALYSIS

The obstacles that a state prisoner must overcome to be entitled to relief on a federal claim for writ of habeas corpus are high. First, he must show that he exhausted his claims in state court by presenting the claims and giving that court an opportunity to rule on them. *Coningford v. Rhode Island,* 640 F.3d 478, 482 (1st Cir. 2011) (citing 28 U.S.C. § 2254(b)(1)(A)). But, once the state court rejects the claims the petitioner may achieve a different result in federal court only if the state court's

3

decision "was contrary to, or involved an unreasonable application of, clearly established Federal law . . . or . . . was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1), (2).

### A. Constitutionality of the Statute

The State contends that this claim is procedurally foreclosed by the state court's application of res judicata. State post-conviction law requires that an applicant bring all grounds for relief in an original or amended petition. R.I.G.L. 1956 § 10-9.1-8. Grounds cannot be raised *seriatim* Litigation of a claim is foreclosed if it was denied in a prior proceeding or not raised in an earlier PCR unless "the interest of justice" compels otherwise. A "judgment on the merits in the first post-conviction relief case not only is conclusive with regard to the issues that were actually determined but also precludes reconsideration of all other issues that might have been raised in the prior proceeding." *Figueroa v. State,* 897 A.2d 55, 56-57 (R.I. 2007).

The issues before this Court were raised in Mr. Lake's third petition. They were rejected in state court based on res judicata because they were not raised in Mr. Lake's previous collateral attacks. (ECF No. 17, at 5-6) (internal pagination). Under the state PCR statute, they are deemed waived. *State v. DeCiantis,* 813 A.2d 986, 992-93 (R.I. 2003). A procedural waiver in state court generally bars a federal court from reaching the merits of the claim. *Yeboah-Sefah v. Ficco,* 556 F.3d 53, 66 (1st Cir. 2009).

4

Even were these claims not barred by the failure to raise them in the original application for post-conviction relief, the penalty argument has been considered and rejected in a Rhode Island Supreme Court decision that this Court cannot say lacks any reasonable basis. In *In re Petitions for Writ of Certiorari Seeking Review of Denials of Applications for Post-Conviction Relief,* 219 A.3d 320, 320-21 (R.I. 2019), the Court considered that argument in forty (40) cases consolidated for decision. Among the half-dozen statutes reviewed was § 11-37-8.1. The Court upheld as a "clear statutory scheme" the practice of setting forth offenses in individual sections of a single chapter and setting forth the penalty in a separate statute within that chapter. *Id.* at 321. Although the Supreme Court's opinion is brief, it explicitly adopted the analysis of the trial court's decision.[5] The trial court filed separate decisions in each case but relied on identical reasoning and pointed to multiple instances in Rhode Island criminal statutes where separate crimes were laid out in a succession of separate statutes followed by a penalty statute covering the entire chapter's offenses. That is a familiar format, according to noted authority Wayne R. LaFave, 1 *Substantive Criminal Law,* § 1.2(d) (3d ed. Oct. 2018 update). The scheme utilizes an "acceptable structure of specifying the prohibited conduct and the prescribed penalty for a person of ordinary intelligence to understand both what is prohibited and what the penalty is so that he may act accordingly." *Decision, State v. Mulbah,* R.I. Super. Ct., No. PM 2019-0115, at 13, *cert den., In re Petitions for Writ*

---

[5] An example of the trial court's decision can be found in the R.I. Super. Ct. docket of *State v. Mulbah,* No. PM 2019-0115, filed on June 7, 2019.

5

*of Certiorari Seeking Review of Denials of Applications for Post-Conviction Relief,* 219 A.3d at 321.

This reasoning, adopted specifically by the Rhode Island Supreme Court, finds meritless Mr. Lake's dual arguments that § 11-37-8.1 is constitutionally infirm because it fails to include a penalty within its four corners *and* because it fails to reference community supervision which is imposed pursuant to R.I.G.L. 1956 § 13-8-30. Mr. Lake has not shown that the rejection of his argument by the state courts represents an unreasonable application of clearly established Federal law.

B. <u>Ineffective Assistance of Counsel</u>

Mr. Lake's second claim meets an equally unsuccessful fate in this Court for the same reasons as those discussed above. Again, although his first application for post-conviction relief specifically alleged ineffective assistance of counsel, his *current* basis for that claim – that he was not advised of mandatory community supervision before deciding to stand rial – was not raised. Nor was it raised in his second application for post-conviction relief. Like the claim discussed above, it was found to be waived by procedural default by the PCR judge, and that conclusion was not unreasonable or wrong under Rhode Island law. That default is a bar to federal court consideration now.

And like the first ground of relief, that claim would not be successful on the merits even were it not waived, for two reasons. First, while Mr. Lake contends that the failure to be advised of community supervision was influential in his "decision" not to accept a negotiated plea, the PCR hearing judge found as a matter of fact that there

was *no* negotiated plea sentence offered by the prosecution. *See Decision,* ECF No. 17, at 15 (Internal pagination) (quoting prosecution file note, "no offer extended as defendant has maintained his innocence."). He found that Mr. Lake was adamant in his refusal to accept *any* plea bargain. *Id.* State court factual findings are presumed to be correct and the burden of rebutting that presumption falls on the petitioner. 28 U.S.C. § 2254(e)(1). Based on that fact-finding, which Mr. Lake has not shown was unreasonable, there was no causal connection between what counsel advised and Mr. Lake's alleged injury. Therefore, the claim fails the second prong of *Strickland v. Washington,* 466 U.S. 668, 693 (1984) (defendant must show prejudice from deficient representation). Finally, Mr. Lake's argument presumes a defendant is entitled to be fully warned of the direct consequences of standing trial, on the same par as the right to be fully warned of the consequences of pleading guilty. *See e.g.*, *Padilla v. Kentucky,* 559 U.S. 356, 373-74 (2010) (counsel must advise of risk of deportation as a consequence of a guilty plea). The case law, however, requiring that a defendant's action be voluntary with full knowledge of the consequences, applies to the *surrender* of the right to stand trial, not to its invocation. It is the *waiver* of the right to stand trial by pleading guilty that triggers the protections of Fed. R. Crim. P. 11 and its corresponding constitutional obligations. *United States v. Hernandez-Wilson,* 186 F.3d 1, 5 (1st Cir. 1999) (Rule 11); *United States v. Tanco-Pizarro,* 873 F.3d 61, 64-65 (1st Cir. 2017) (constitutional voluntariness).

For the reasons stated above, the petition for writ of habeas corpus is DENIED. Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this Court holds that this case is not appropriate for the issuance of a certificate of appealability. Petitioner Lake has failed to make a substantial showing of the denial of any constitutional right, as required by 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED:

_____
Mary S. McElroy,
United States District Judge

Date:   September 26, 2023